Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Caron Ho-Sang,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
Caron Ho-Sang, on behalf of herself
and all others similarly situated,

                    Plaintiff,

    v.

Regional Adjustment Bureau, Inc.

                    Defendant.
---------------------------------------------------------X

**CLASS ACTION COMPLAINT**

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Regional Adjustment Bureau ("RAB") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that the Defendant collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

1

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." <u>Glover v. FDIC</u>, 698 F.3d 139 (3d. Cir. 2012) (citing <u>Allen ex rel. Martin v. LaSalle Bank, N.A</u>., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Caron Ho-Sang is an individual natural person who at all relevant times resided in the City of Plainfield, County of Union, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, RAB, is a corporation, with its principal place of business located at 7130 Goodlett Farms Parkway – Suite 100 West Memphis, TN 38016.

10. The principal purpose of RAB is the collection of debts using the mail and telephone.

11. RAB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. RAB is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

**FACTS**

13. Sometime prior to 2018, Plaintiff allegedly incurred a financial obligation to American Honda Finance Corporation related to an automobile loan with an account number ending in 0336 (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal automobile loan in the Plaintiff's name.

15. The Debt arose out of an automobile loan which Plaintiff opened to purchase a car that she used for her personal use.

16. Plaintiff's automobile loan account was neither opened nor used by Plaintiff for business purposes.

17. Plaintiff's personal automobile loan Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

19. At some point after Plaintiff's alleged default, American Honda Finance Corporation determined that the Debt was uncollectable and therefore decided to "charge-off" the Debt.

20. Creditors charge-off debts in accordance with federal regulations that permit the creditor to remove the debt from their financial records.[1] These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

21. Sometime after American Honda Finance Corporation charged off the Debt, Plaintiff's Debt was placed with RAB for collection.

22. The Debt was never assigned to RAB.

23. American Honda Finance Corporation never transferred, sold or assigned any of their interest or rights with regard to the Debt to RAB.

24. No privity of contract exists between Defendant and Plaintiff such that Defendant has standing to sue Plaintiff for non-performance of any legal obligation of the Plaintiff arising from or with regard to the Debt.

25. Defendant is merely a third-party debt collector with no legal interest or right in the Debt.

26. RAB contends that the Debt is past-due and in default.

27. At the time the Debt was referred to RAB, the Debt was past-due.

28. At the time the Debt was referred to RAB, the Debt was in default.

29. At the time the Debt was referred to RAB, the Debt had been "charged off" by American Honda Finance Corporation.

30. At all times relevant hereto, RAB acted in an attempt to collect the Debt.

31. On or about May 2, 2018, RAB mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as <u>Exhibit A</u> is a true copy of the Letter dated

---

[1] By charging off the Account, the Debt had been in default for a period of approximately 180 days. *See* Uniform Retail Credit Classification and Account Management Policy, 65 Fed. Reg. 36903 (June 12, 2000); *see also* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days.").

May 2, 2018 sent by RAB to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy).

32. RAB mailed the Letter dated May 2, 2018 attached as Exhibit A as a part of their efforts to collect the Debt.

33. Plaintiff received the Letter attached as Exhibit A in the mail.

34. Plaintiff read the Letter attached as Exhibit A upon receipt of the letter in the mail.

35. Exhibit A was sent in connection with the collection of the Debt.

36. Exhibit A seeks to collect the Debt.

37. Exhibit A conveyed information regarding the Debt including an RAB account number, and a demand for payment.

38. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

39. The letter attached as Exhibit A is the first written communication Plaintiff received from RAB.

40. The letter attached as Exhibit A is the first written communication RAB sent to Plaintiff regarding the Debt.

41. Exhibit A represents RAB's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. §1692a(2).

42. The letter attached as Exhibit A states in relevant part:

> As of the date of this letter, you owe $4,777.34. For further information, write the undersigned or call (800) 829-7750.

43. No interest, fees or other charges accrued or would ever accrue on the Debt after May 2, 2018, the date of the Letter attached as <u>Exhibit A,</u> because the Debt was static and not subject to interest accrual or accrual because of other fees or charges.

44. Federal regulations require banks, such as American Honda Finance Corporation to send periodic statements on all accounts, including defaulting accounts in order to assess and charge interest or fees to the account.[2] Thus, banks cannot assess interest, late charges or other charges or fees if periodic statements are not sent.

45. On information and belief, American Honda Finance Corporation ceased sending period statements and stopped assessing interest, late charges and/or other charges on the Debt, prior to the Debt being placed with RAB for collection and RAB mailing or causing to be mailed the May 2, 2018 Letter attached as <u>Exhibit A</u>.

46. Plaintiff, as would any least sophisticated consumer, incorrectly believed based on the language contained in <u>Exhibit A</u> stating the Balance Due of $4,777.34 reflected the balance of the Debt "as of the date of this letter", that the Debt was in a dynamic state because the "as of the date of this letter" language suggests that the amount of the Debt may be greater at a later date because of interest and or fees being added to the Debt.

47. <u>Exhibit A</u> is a computer-generated form Letter.

48. RAB's debt collection practice is largely automated and utilizes standardized form letters.

49. On information and belief, the May 2, 2018 Letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by RAB and mailed to

---

[2] 12 C.F.R. § 226.5(b)(2)(i).

consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect consumer debts.

50. Defendant used the same procedures it used in sending the Letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New Jersey consumers.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

52. In sending the Letter attached as <u>Exhibit A</u>, RAB violated 15 U.S.C. §§1692, 1692e(2)(A), 1692e(5), and 1692(e)(10).

53. 15 U.S.C. §1692e provides:

**§1692e.    False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (2) The false representation of --

      (A) the character, amount, or legal status of any debt;

   (5) The threat to take any action that cannot legally be taken or that is not intended to be taken

   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

54. District Courts have recognized that collection letters violate § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10) of the FDCPA when they contain language substantially similar to the language in <u>Exhibit A</u>, *i.e.,* "<u>As of the date of this letter</u> you owe…(emphasis added), when interest and/or other expenses were <u>not in fact</u> accruing on

7

the debt. *See, e.g*. <u>Islam v. American Recovery Service Incorporated</u>, 2017 WL 4990570, at * 4 (E.D.N.Y Oct. 31, 2017) ("The language in the collection 'as of the date of this letter' suggests that the debt is in a dynamic state – 'as of the date' suggests that on a different date, the amount of the debt may be different – and, of course, anyone would understand that it won't get any smaller without payment. But the undisputed fact is that, contrary to this suggestion, the amount of this debt will never be different, never get greater. The debtor has therefore been subtly incentivized to pay now to avoid paying more later, when, in fact, there never would be 'more later.' Defendant receives money that it might not have received but for the language 'as of the date of this letter.' The debtor has thus been misled or deceived."); <u>Lopez-Gordillo v. Financial Recovery Services, Inc</u>., 2019 WL 527627, at *3 (N.D. Ill., Feb 11, 2019)(finding the plaintiff sufficiently pleaded violations of §1692e(2)(A) and §1692e(5), which were material, when the debt collection letter at issue, "included temporal conditions – 'as of the date of this letter'…which can suggest to a reasonable consumer that the balance of the debt could increase").

55. RAB violated 15 U.S.C. §1692e(2)(A) because the Letter attached as <u>Exhibit A</u> misrepresented the Debt's character as dynamic and misrepresented the Debt's legal status by implying that the Debt balance could potentially increase. This was untrue because the balance of the Debt could never increase because it had been charged off by American Honda Finance Corporation prior to being sent to RAB for collection.

56. RAB violated 15 U.S.C. §1692e(5) because they threatened to increase the balance of the Debt, which was an action RAB legally cannot take and did not intend to take.

57. RAB violated 15 U.S.C. §1692e(10) because <u>Exhibit A</u> is misleading and deceptive because the letter uses language which suggested that the Debt was in a dynamic state and that the amount of the Debt may be different on a later date, when in fact it would not. *See*, <u>Islam</u>, 2017 WL 4990570 at * 4.

58. The false representation is material because it could lead a least sophisticated consumer to pay the debt that they are led to believe is accruing interest, but actually is not, in lieu of another debt that they know is accruing interest at some lower rate.

59. The misrepresentation is material because it would cause an unsophisticated consumer to fear that their debt balance may increase, which in turn would influence their decisions about how to allocate scare financial resources.

60. Plaintiff has alleged a particularized injury because the letter attached as <u>Exhibit A</u> was were mailed and directed to her.

61. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and Defendant's violations of the FDCPA results in concrete harm to Plaintiff.

62. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692e and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## **CLASS ALLEGATIONS**

63. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

64. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

65. The class is initially defined as: (a) all individuals (b) with a New Jersey address (c) who were sent letters or notices from RAB in a form materially identical or substantially similar to the letter attached as <u>Exhibit A</u> to the Complaint (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

66. The class definition above may be subsequently modified or refined.

67. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

68. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: Plaintiff is informed and believe and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's violations of the FDCPA involve a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is

ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and have suffered the same injuries as each other and each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of herself and the absent class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of the Class and does not have any interest adverse to or which directly and irrevocably conflict with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of Plaintiff are co-extensive with and not antagonistic to those of the

absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

    v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

69. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting any individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

70. A class action is superior for the fair and efficient adjudication of this matter, in that:
    a. Individual actions are not economically feasible;
    b. Members of the class are likely to be unaware of their rights;
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that RAB violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(5), and 1692e(10);

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
       May 1, 2019

                                **THE PLAINTIFF**

                         /s/ Ryan Gentile
                By:_____
                         Ryan Gentile, Esq.
                         Law Offices of Gus Michael Farinella PC
                         *Attorney for Plaintiff*
                         110 Jericho Turnpike – Suite 100
                         Floral Park, NY 11001
                         Tel: (201) 873-7675
                         Fax: (516) 305-5566
                         rlg@lawgmf.com

# NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

                          The Law Offices of Gus Michael Farinella, PC

                    /s/ Ryan Gentile
      By:_____
                    Ryan Gentile